IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

RICKY L. KILBURN                                                                                    PLAINTIFF

           v.                    Civil No. 12-3064

CAROLYN W. COLVIN[1], Commissioner
Social Security Administration                                                         DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

Plaintiff, Ricky Kilburn, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for supplemental security income ("SSI") under Title XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

### I.  Procedural Background:

Plaintiff filed his DIB application on March 4, 2009, alleging an onset date of December 19, 2008, due to heart disease, high blood pressure, chest pain, weakness, fatigue, and shortness of breath. Tr. 116-117, 146, 162-163, 184. The Commissioner denied Plaintiff's applications initially and on reconsideration. Tr. 68-78. An administrative hearing was held on April 21, 2010. Tr. 25-67. Plaintiff was present and represented by counsel.

At the time of the hearing, Plaintiff was 46 years old and possessed a high school education. Tr. 29, 152. He had past relevant work ("PRW") experience as a highway maintenance worker. Tr. 29-30, 147, 154-161.

On September 22, 2010, the ALJ found Plaintiff's coronary artery disease ("CAD") status post stent placement and hypertension to be severe, but concluded it did not meet or medically equal one of

---

[1] Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 15-16. After partially discrediting Plaintiff's subjective complaints, the ALJ determined that he retained the residual functional capacity ("RFC") to perform a full range of sedentary work. Tr. 16-19. Utilizing the Medical-Vocational Guidelines ("the Grids), the ALJ then determined Plaintiff could perform work that exists in significant numbers in the national economy. Tr. 19-20.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on May 9, 2012. Tr. 1-4. Subsequently, Plaintiff filed this action. ECF No. 1. Both parties have filed appeal briefs, and the case is now ready for decision. ECF Nos. 6, 7.

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and the ALJ's opinion, and are repeated here only to the extent necessary.

## II.   **Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

**III.    Discussion:**

After the ALJ issued his decision, Plaintiff requested review by the Appeals Council. He submitted new evidence in the form of Dr. Carver's narrative opinion of Plaintiff's condition. On May 4, 2011, Dr. Carver indicated that he had been following Plaintiff for ischemic heart disease, hypertension, hyperlipidemia, and a history of coronary artery stenting to his right coronary artery. Tr. 463. He stated that Plaintiff was currently experiencing severely limiting angina that had been unresponsive to treatment. Plaintiff had undergone a stress test on January 24, 2011, the results of which

AO72A
(Rev. 8/82)

were inconclusive, as Plaintiff was unable to achieve the predicted maximum heart rate due to experiencing chest pain and tightness during the test. Dr. Carver opined that Plaintiff experienced angina and fatigue with minimal exertion and was very limited on his activity. He reported that Plaintiff's most recent heart catheterization, on April 29, 2010, had revealed single vessel coronary arthersclerosis with occlusion of the proximal to mid right coronary artery, proximal to previously placed stents, normal LV function, and limiting angina. Tr. 463.

The Appeals Council denied Plaintiff's request for review, finding that the additional evidence he submitted did not provide a basis for changing the ALJ's decision. Under the regulations, the Appeals Council must evaluate the entire record, including any new and material evidence submitted to it after the ALJ's decision. *See* 20 C.F.R. § 404.970(b). The Appeals Council "shall consider the additional evidence only where it relates to the period on or before the date of the [ALJ] hearing decision." *Id*. "It will then review the case if it finds that the [ALJ's] action, findings, or conclusion is contrary to the weight of the evidence currently of record." *Id*. Because the Appeals Council denied review, finding that the additional evidence did not "provide a basis for changing the [ALJ's] decision," we do not review the Appeals Council's decision to deny review, rather we determine if the record as a whole, including evidence that is new and material, supports the ALJ's determination. *Cunningham v. Apfel*, 222 F.3d 496, 500 (8th Cir. 2000).

After reviewing the evidence, we find that Dr. Carter's narrative to be both new and material. While we note that is it dated after the ALJ's decision, medical evidence obtained after an ALJ decision is material if it relates to the claimant's condition on or before the date of the ALJ's decision. *Basinger v. Heckler*, 725 F.2d 1166, 1169 (8th Cir. 1984). In this case, Dr. Carver's narrative is dated May 2011, eight months after the ALJ entered his opinion. However, the stress test he alludes to was dated January 2011, a mere four months after the ALJ's decision. It is also reasonable to conclude that his narrative was based on additional examinations and evaluations conducted after the last treatment note of record,

4

July 8, 2010, and prior to May 2011, documenting additional complaints of angina and heart related symptoms.

According, we find that remand is necessary to allow the ALJ to review this evidence. On remand, the ALJ should recontact Dr. Carter to obtain any additional treatment notes and/or objective medical test reports that were used in forming the opinion voiced in his May 2011 narrative. Further, Dr. Carver should be asked to complete an RFC assessment, clarifying his assessment of Plaintiff as being "very limited."

We would like to remind the ALJ that the medical evidence of record reveals that Plaintiff was experiencing chest pain and that his vessels were too small distally, precluding bypass surgery as a treatment option. Tr. 460. As such, Plaintiff should not be discredited for his failure to undergo surgery. And, given Plaintiff's unique condition, the ALJ should ask Dr. Carver about any other treatment options he feels Plaintiff should have availed himself of prior to seeking disability before attempting to use Plaintiff's failure to submit to those treatments against him.

**IV.     Conclusion:**

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this <u>15th</u> day of April 2013.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)